UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANTHONY MARTINEZ,

        Plaintiff,    1:24-cv-06259

    -against-    COMPLAINT

EXPERIAN INFORMATION SOLUTIONS, INC,
TRANS UNION, LLC and
EQUIFAX INFORMATION SERVICES, LLC

        Defendants
------------------------------------------------------------------x

Plaintiff, ANTHONY MARTINEZ ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law, brings this action against EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION, LLC ("Trans Union") and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and alleges the following, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants for violating the FCRA, 15 U.S.C. § 1681e(b), by failing to use procedures to ensure maximum possibly accuracy in the creation of Plaintiff's credit reports and for violated 15 U.S.C. § 1681g by failing to provide Plaintiff with copies of his reports on request.   Specifically, Defendant informed creditors that Plaintiff was deceased when Plaintiff was in fact not deceased.

2. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*

1

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

4. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

5. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, a natural person, was at all relevant times a resident of the State of New York, and either New York or Bronx County, and qualifies as an individual "consumer" within the meaning of the FCRA. See 15 U.S.C. § 1681a(c).

7. Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

8. Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

9. Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

## FACTUAL BACKGROUND

10. Plaintiff is currently homeless and disabled. He has had difficulties obtaining credit, housing and even disability payments because the Defendants have reported him as "deceased"

when Plaintiff is alive.

11. In the two years prior to the filing of this Complaint Plaintiff has been denied credit because the Defendant's informed creditors that he was deceased, had difficulties obtaining disability for the same reason and been unable to obtain copies of his reports from the Defendants.

12. Plaintiff is not aware of any reason or circumstances that Defendants continue to report him as deceased.

13. Plaintiff has been unable to obtain credit reports or resolve this issue because the Defendants have him marked as deceased in their files.

14. Plaintiff is informed and believes that each of the Defendants has had long-standing issues with reporting live consumers as deceased and have been sued numerous times for such conduct.

15. At all relevant times hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumer's rights under the FCRA.  Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued even though other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is a greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

16. Plaintiff has suffered harm as a result of Defendants' conduct here.  The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports damaged Plaintiff's reputation and attempts to obtain credit, housing and disability payments.

## **FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA

17. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

18. Defendant willfully, (or in the alternative negligently) violated 15 USC § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff.

19. Defendant willfully, (or in the alternative negligently) violated 15 USC § 1681g by failing to provide Plaintiff with copies of his credit reports upon request.

20. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: August 19, 2024

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
(917) 734-6815
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*